UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**JEREMIAH BARKER,**
    Plaintiff,

v.                                   Case No. 1:23-cv-625-CLM

**FABARC STEEL SUPPLY INC.,**
*et al.*,
    Defendants.

## MEMORANDUM OPINION

Jeremiah Barker sues his former employer, Fabarc Steel Supply Inc. ("Fabarc"), and four of his co-workers: Randall McFadden, James Bishop Jon Harrison and Robert Lakey (*collectively*, "Defendants").

Barker pleads six claims. (Doc. 2). Defendants move to dismiss all six claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 8). For the reasons stated within, the court will **GRANT IN PART** and **DENY IN PART** Defendants' motion, (doc. 8). The court will **GRANT** Defendants' Motion to Dismiss Barker's Title VII claims against McFadden, Bishop, Harrison, and Lakey; Barker's Title VII claim for sexual harassment against Fabarc; Barker's Title VII race discrimination claim against Fabarc; Barker's § 1981 race discrimination claim against Fabarc, McFadden, Bishop, Harrison, and Lakey; Barker's state-law claim for assault and battery against Lakey and Fabarc; and Barker's state-law claim for failure to train and supervise against Fabarc. The court will **DENY** Defendants' Motion to Dismiss Barker's Title VII claim for retaliation against Fabarc; and Barker's state-law claim for assault and battery against McFadden, Bishop, Harrison.

## BACKGROUND

The court takes these facts from Barker's amended complaint and assumes all alleged facts are true. FED. R. CIV. P. 12(b)(6); *see, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (at the motion-to-dismiss stage, "the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true").

Fabarc is a fabrication facility located in Oxford, Alabama. Barker started working for Fabarc as a Fitter, making and repairing steel parts used in construction, on April 5, 2015. (*See* Doc. 2 at ¶ 17). Barker, who is male, alleges that "[t]hroughout the court of his employment, Barker was sexually harassed, physically abused and battered in his private area (testicles) on a daily basis by his coworkers." (Doc. 2 at ¶ 18). For example, Barker claims:

(1) On May 17, 2021, McFadden, a co-employee at Fabarc, touched Barker's groin and testicles in a sexual way without Barker's consent. McFadden then hit Barker three times, which caused contusions and other injuries to the testicular area of Barker's body for which he had to later seek treatment at Regional Medical Center in Anniston, Alabama. (*See* Doc. 2 at ¶¶ 19-20).
(2) On May 13, 2022, Harrison, a co-employee at Fabarc, touched Barker in his groin and testicles with a hammer without Barker's consent. (Doc. 2 at ¶ 21).
(3) On June 8, 2022, Bishop, a co-employee at Fabarc, pushed Barker's head into a locker, which resulted in Barker sustaining a risen/knot on his head. (Doc. 2 at ¶ 22).

On June 8, 2021, Barker's supervisor, Lackey, the owners of Fabarc, and other management personnel met with Barker about his allegations of physical abuse and sexual harassment at the hands of McFadden, Bishop, and Harrison. (*See* Doc. 2 at ¶ 24). Barker told those in attendance that he met with an attorney and wanted to help with filing an Equal Employment Opportunity Commission ("EEOC") complaint related to discriminatory and disparaging treatment.

Rather than discipline or terminate Barker's co-workers, Lackey and Fabarc's owners and managers "threatened and intimidated Barker." (*See* Doc. 2 at ¶¶ 23-24). Then, on June 14, 2022, Barker was "discharged by Fabarc for threatening to file a lawsuit" regarding the sexual harassment and physical abuse at Barker's former place of employment. (*See* Doc. 2 at ¶ 25).

Barker filed a Charge of Discrimination against Fabarc 11 days later, (doc. 2 at ¶ 12 (citing doc. 1-2)), and the EEOC issued a Notice of Right to Sue on March 14, 2023, (doc. 2 at ¶ 14 (citing doc. 1-3)).

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## DISCUSSION

In his Amended Complaint, Barker alleges six causes of action against Defendants, including Title VII sexual harassment, retaliation, and race discrimination; § 1981 race discrimination; assault and battery under Alabama state law; and negligent and wanton failure to train and supervise under Alabama state law. (Doc. 2). Defendants move to dismiss

all claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (*See* Doc. 8).

### A. Barker's Title VII Claims

The court starts with the three claims pleaded under Title VII of the Civil Rights Act of 1964. But before it does, the court notes that Title VII does not provide *individual* liability, distinct from employer liability. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[R]elief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or private company."). So to the extent that Barker tries to plead Title VII claims against individual Defendants, the court dismisses those claims. *See, e.g.*, (Doc. 2 at ¶ 36) (pleading Count II against "Defendants Fabarc, McFadden, Bishop and Harrison"). As a result, the court limits its analysis to Barker's claims against his employer, Fabarc.

#### a. Sexual Harassment (Count II)[1]

In Count II, "Barker avers that the co-employee Defendants 'touched Barker, without consent,' in his groin and testicles on a regular basis at Fabarc [and specifically] 'on May 17, 2021, May 13, 2022 and June 8, 2022.'" (Doc. 2 at ¶ 33). Barker further claims that his "supervisor, Defendant Lakey was informed of this discriminatory conduct by the co-employee Defendants but did nothing to discipline or terminate the co-employee Defendants." (Doc. 2 at ¶ 34). He adds: "Defendant Fabarc condoned, ratified and consented to Defendant McFadden, Bishop and Harrison's sexual harassment of Barker while he was employed at Fabarc." (Doc. 2 at ¶ 35).

Sexual harassment violates Title VII "when the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v.*

---

[1] Barker pleads this claim as "Count I" (doc. 2 at 7), even though it comes after a Count I and is followed by a Count III. So the court calls this claim Count II.

4

*Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). In order to establish that he was sexually harassed, Barker must ultimately prove:

> (1) that ... he or she belongs to a protected group; (2) that [he] has been subjected to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment [was] based on [his] sex . . .; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc). "Importantly, to prevail on a sexual harassment claim, a plaintiff must 'prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted '*discriminat[ion]* . . . because of . . . *sex*.' *Oncale v. Sundower Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (quoting 42 U.S.C. § 2002-2(a)(1)).

Barker fails to meet the third criterion—*i.e.*, Barker's co-workers harassed him because of his sex or sexual identity. *See Bostock v. Clayton Co., Georgia*, 590 U.S. ___, 140 S.Ct. 1731 (2020) (Title VII covers claims based on sex, including sexual orientation or gender identity). The essence of a disparate treatment claim under Title VII is that an employee or applicant is intentionally singled out for adverse treatment based on his sex. *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978); *United States v. Int'l Brotherhood of Teamsters*, 431 U.S. 324, 335 n.15 (1977); *Lee v. Conecuh County Board of Educ.*, 634 F.2d 959, 961-62 & n.3 (5th Cir. 1981). That means Barker must ultimately prove that but for the fact of his sex, he would not have been harassed. *See Bundy v. Jackson*, 641 F.2d 934, 943-46 (D.C. Cir. 1981), (citing *Phillips v. Martin Marietta Corp.*, 400 U.S. 542 (1971); 29 C.F.R. § 1604.4(a) (1979)).

While Barker alleges that his co-workers touched his genitals, he does not plead that they did so because Barker was a man. Nor does Barker plead his sexual orientation or that the harassment had anything

to do with sexual orientation. Rather, in Counts V-VI, Barker pleads that the individual defendants harassed him because of his race (American Indian and Alaskan Native), *see* (doc. 2, ¶¶ 53-69).

Because Barker fails to plead any facts that would show the Defendants acted because of sex, the court must dismiss Count II.

### b. Retaliation (Count III)

Count III alleges that Fabarc retaliated against Barker because Barker told management that he wanted to discuss the harassment he was suffering with the EEOC. Barker alleges that on June 8, 2021, he "informed Lakey, the owners of Fabarc and other management at Fabarc that he was going to seek assistance with EEOC regarding his discriminatory treatment at Fabarc." (Doc. 2 at ¶ 26). Barker adds that on June 14, 2022, he "was discharged by Fabarc for threatening to file a lawsuit against Fabarc regarding the sexual harassment and physical abuse at Fabarc." (Doc. 2 at ¶ 27).

To succeed on a retaliation claim against Fabarc, Barker must prove that "(1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010). "By the terms of the statute . . . not every act by an employee in opposition to . . . discrimination is protected. The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." *Little v. United Techs, Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997) (quoting *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978)). A plaintiff can establish a prima facie case of retaliation under the opposition clause of Title VII if he shows that he had a good faith, reasonable belief that the employer was engaged in unlawful employment practices. *See Rollins v. State of Fla. Dept. of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989).

Barker's complaint sufficiently claims retaliation at the hands of Fabarc. A plaintiff need not prove the underlying discriminatory conduct that he opposed was actually unlawful to establish a prima facie case and

overcome a 12(b)(6) motion; such a requirement "[w]ould not only chill the legitimate assertion of employee rights under Title VII but would tend to force employees to file formal charges rather than seek conciliation of informal adjustment of grievances." *See Little*, 103 F.3d at 960 (quoting *Sias v. City Demonstration Agency,* 588 F.2d 692, 695 (9th Cir. 1978)). Reading the complaint in a light most favorable to Barker (as we must), Barker told his employers about persistent harassment that created a hostile work environment and Barker's desire to talk to the EEOC about stopping it. Fabarc then fired Barker before he could file a complaint. The court finds that these facts, if proved, could establish retaliation. So the court will deny Fabarc's motion to dismiss Count III.

### c. Race Discrimination (Count V)

As mentioned, Count V alleges that the Defendants harassed Barker "based on his race, American Indian and/or Alaskan Native." (Doc. 2 at ¶ 60). The court dismisses this claim for three reasons.

1. *Abandonment*: As detailed below, Fabarc moved to dismiss this count for failure to exhaust and insufficient pleaded. Barker said nothing in response. *See* (Doc. 14). So Barker has abandoned Count V.

2. *Exhaustion*: Barker likely abandoned his race-based claims because failed to exhaust them with the EEOC. Before filing a Title VII action, a plaintiff first must file a charge of discrimination with the EEOC. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970). The purpose of this exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983); *see also Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989) ("The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC.") (internal quotation and citation omitted). The Eleventh Circuit further has noted that judicial claims are allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, but has

7

cautioned that allegations of new acts of discrimination are inappropriate. *Wu*, 863 F.2d at 1547 (citation omitted).

Neither Barker's original EEOC Charge nor the Amended EEOC Charge mention race discrimination; they instead only allege sex harassment and retaliation. (Doc. 1-1; Doc. 1-2). Having reviewed the relevant EEOC documents, the court finds that Barker's race-based claim was neither in, nor grew out of, his EEOC complaints. *See Simon v. Ricoh Electronics, Inc.*, 2010 WL 11506727, *2 (N.D. Ga. May 3, 2010) ("Because Plaintiff's EEOC charge does not reference discrimination on the basis of race and clearly excluded it as a basis when he did not check the box indicating that his charge was based on race discrimination, the Court cannot conclude that the EEOC's investigation of Plaintiff's charge would have reasonably included race discrimination claims."); *see also Saenz v. Wilkie*, 2019 WL 3997077, *5 (N.D. Ala. August 23, 2019) ("[B]ecause Saenz's EEOC complaint did not allege 'national origin' as a basis for discrimination, this claim is not 'within the scope of the EEOC investigation which can reasonably be expected to grow out of the initial charges of discrimination.'") (citation omitted); *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) ("[W]e have held that a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") (quotation marks omitted).

Barker filed his EEOC charges on June 23, 2022, shortly after he was terminated. At the time, Barker "believe[d]" that he was retaliated against and ultimately terminated because of his sex. Race was not mentioned, so there is no indication that the EEOC considered it. Thus, Barker failed to exhaust his race-based Title VII claim.

3. *Merits*: That said, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Sanchez*, 431 F.2d at 460–61. So in an abundance of caution, the court reviews the sufficiency of Barker's pleading of Count V, which the court cuts-and-pastes below:

8

> 57. Defendants McFadden, Bishop and Harrison made racially derogatory statements about native Indians.
>
> 58. Defendants McFadden, Bishop and Harrison referred to Plaintiff as a "mutt" in the break room and at times during Plaintiff working at Fabarc.
>
> 59. Defendant Fabarc terminated Plaintiff without cause on June 14, 2022.
>
> 60. Defendant Fabarc discriminated against Plaintiff based on his race, American Indian and/or Alaskan Native.

(Doc. 2, ¶¶57-60)

    The court finds that Barker fails to plead enough facts to state a viable claim of direct or vicarious liability. While a juror could find that Defendants McFadden, Bishop, and Harrison racially harassed Barker by calling him a "mutt," Barker fails to plead any facts that connect these comments to management's decision to fire Barker. In fact, Barker fails to plead any facts that show the decision makers knew about the co-workers statements or that Barker was American Indian or Alaskan Native (rather than white).

    Rather, Barker pleads that he told the owners and managers that he was physical abused and sexually harassed—without mentioning race. *See* (doc. 2, ¶ 24). Barker then pleads that Fabarc fired him "for threatening to file a lawsuit against Fabarc regarding the sexual harassment and physical abuse at Fabarc"—not because of his race. *Id.* ¶ 25. And as mentioned, Barker told the EEOC that Fabarc fired him for his "participation in a protected activity" (doc. 1-2), and did not tell the EEOC his race. Because Barker pleads no facts that put race in the minds of the decision makers, Barker fails to plead a viable claim in Count V.

**B. Barker's 42 U.S.C. § 1981 Claim (Count VI)**

For Count VI, Barker cuts-and-pastes Count V and changes the title to "42 U.S.C 1981, Race Discrimination." (Doc. 2 ¶¶ 61-69). The Eleventh Circuit has held that claims for race discrimination cognizable under both Title VII and Section 1981 "'have the same requirements of proof and use the same analytical framework.'" *Blue v. Dunn Const. Co., Inc.*, 2011 WL 5903535, at *1 (11th Cir. 2011) (quoting *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)). In making such an observation, the Eleventh Circuit has stated that the court may "'explicitly address the Title VII claim with the understanding that the analysis applies to the § 1981 claim as well.'" *Keith v. MGA, Inc.*, 211 F. App'x 824, 827 (11th Cir. 2006) (per curiam) (quoting *Standard*, 161 F.3d at 1330).

Because the pleaded facts and legal frameworks are identical, the court adopts it discussion in Section A(c). As a result, the court will deny Count VI because (a) Barker abandoned the claim, (b) Barker failed to exhaust the claim, and (c) Barker fails to plead sufficient facts to support the claim.

**C. Barker's State Law Claims**

Barker's last two claims arise under state law. Because the court finds that Barker has sufficiently pleaded at least one federal claim, the court has supplemental jurisdiction over these claims.

### a. Assault and Battery (Count I)

Barker alleges that individual Defendants McFadden, Bishop, and Harrison "assaulted and battered Baker" on three distinct dates and that Fabarc condoned the assaults, *see* (Doc. 2, ¶¶ 29-30). Barker seeks compensatory and punitive damages for his resulting injuries.

The law provides different standards for the individual Defendants and their employer Fabarc, so the court reviews them separately below.

### i. Claims against Individual Defendants

"The plaintiff in an action alleging assault and battery must prove '(1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner.'" *Harper v. Winston Cty.*, 892 So. 2d 346, 353 (Ala. 2004) (quoting *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1193 (Ala. 1998)).

Barker does not allege that Defendant Lackey touched him, so Barker has no claim against Lackey in Count I.

Barker sufficiently pleads a claim against the remaining individual Defendants: McFadden, Harrison, and Bishop. Barker pleads that, on separate occasions, each of these Defendants touched him intentionally in a harmful or offensive manner: McFadden with his hands (multiple times), (*see* doc. 2 at ¶ 19); Harrison with a hammer, (*see* doc. 2 at ¶ 21); and Bishop with his hands, (*see* doc. 2 at ¶ 22). *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965) (A claim is sufficiently pleaded for purposes of Rule 12(b)(6) if "the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'"). So Barker may proceed on Count I against these Defendants.

### ii. *Respondeat Superior* Claim against Fabarc for Individual Defendants' alleged assault and battery

1. *Sufficient Pleading:* An employer may be held vicariously liable for the intentional tort of its employee or agent if the plaintiff produces sufficient evidence showing "'that [1] the agent's wrongful acts were in the line and scope of his employment; or [2] that the acts were in furtherance of the business of [the employer]; or [3] that [the employer] participated in, authorized, or ratified the wrongful acts.'" *Potts v. BE & K Constr. Co.*, 604 So. 2d 398, 400 (Ala. 1992) (quoting *Joyner v. AAA Cooper Transp.*, 477 So. 2d 364, 365 (Ala. 1985)).

Barker pleads his claim against Fabarc under the third option: Fabarc "participated in, authorized, or ratified the wrongful acts." *Id.* Barker claims that he met with the owners of Fabarc, his supervisor, Lakey, and other management personnel "regarding the physical abuse and sexual harassment of McFadden, Bishop, and Harrison, (doc. 2 at ¶ 24), but leadership at Fabarc "did not discipline or terminate Defendants McFadden, Bishop[,] and Harrison," (doc. 2 at ¶ 23). The formulation of the pleading specificity standard is that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. *Twombly*, 550 U.S. at 556. The standard is one of "plausible grounds to infer." *Id.* The rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* Therefore, at the motion-to-dismiss stage, Barker has alleged enough facts to bring a *respondeat superior* claim against Fabarc because "the pleadings are construed broadly," *e.g.*, *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *e.g.*, *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998).

2. *State-law bar*: Defendants argue that "even if the alleged actions of Defendants McFadden, Harrison, and Bishop had been within the line and scope of their employment, the attempt to assert an assault[-]and[-]battery claim against Fab[a]rc would be barred by the worker's compensation exclusivity provision found at § 25-5-53 (Ala. Code 1975)" because Barker "alleges the assault and battery committed by each individual resulted in a physical injury." (Doc. 9 at 18 (citing doc. 2 at ¶¶ 18, 19, 20, 22; *Austin v. Ryan's Fam. Steakhouse*, 668 So.2d 806, 808 (Ala. Civ. App. 1995); *Thompson v. Anserall*, Inc., 522 So.2d 284, 287 (Ala. Civ. App. 1988)). The court agrees.

Section 25-5-53 says, in relevant part:

Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of this chapter, whose injury or death

12

> is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment.

Simply put, an employer is not liable for injuries that result from on-the-job "accident[s]." As Alabama's Court of Civil Appeals has explained:

> An injury resulting from a willful and criminal assault upon the employee by a fellow employee may be considered an accident compensable under the workmen's compensation statutes. However, the fact that the assault occurred on the employer's premises during work hours does not conclusively establish that the assault arose out of and in the course of the employment. That determination is to be drawn from the circumstances of the individual case.
>
> An assault which is based solely upon personal ill will, hatred, or anger does not arise out of and in the course of the employment. If the rational mind could determine that the proximate cause of the injury was set in motion by the employment, then the assault arose out of and in the course of the employment.

*Thompson v. Anserall*, Inc., 522 So.2d at 287.

In Count I, Barker alleges that "Defendants McFadden, Bishop, and Harrison assaulted and battered Barker ***while he was working at Fabarc***." (Doc. 2, ¶ 29). And Barker's statement of facts indicate that all three incidents happened at Fabarc, *see* (doc. 2, ¶¶ 19, 21, 22).

Assuming these facts are true, as we must, Barker has pleaded himself into the scope of the exclusivity provision. Fabarc noted this in its brief in support, *see* (doc. 9 at 18-19), and Barker failed to respond in his brief in opposition, *see* (doc. 14). So the court must dismiss Count I as pleaded against Fabarc.

13

### b. Failure to Train and Supervise (Count IV)

Finally, Bishop alleges that Fabarc knew or should have known about McFadden, Bishop, and Harrison's harassment and assaults and did nothing about it. As a result, Fabarc is liable under the state-law theory of negligent or wanton failure to supervise.

1. *Sufficient Pleading*: To make an employer liable for failure to train or supervise, an employee must show (1) the employer hired, trained, or supervised an employee with an incompetency; (2) the employer knew of the incompetency or would have learned of it by exercising due care; and (3) the employee caused the plaintiff harm through the incompetency. *See Jones Express, Inc. v. Jackson*, 86 So. 3d 298, 305 (Ala. 2010). Implicit in the tort of negligent hiring, retention, training, and supervision is the concept that, as a result of the employee's incompetence, the employee committed some sort of act, wrongdoing, or tort that *caused* the plaintiff's injury. *Humana Med. Corp. of Alabama v. Traffanstedt,* 597 So.2d 667, 669 (Ala.1992) (holding that it was "inherently inconsistent from a proximate cause standpoint" for a jury to hold that a physician was not negligent in performing surgery but to also hold the hospital liable based on its "independent negligence" in failing to supervise and monitor that physician).

Fabarc argues that Barker cannot prove knowledge or cause because no incidents occurred after Fabarc found out about the assaults. But the amended complaint does not attribute a date to the first time Barker told his supervisor and HR about the harassment and abuse:

> 23. Although Barker informed Lakey, Barker's supervisor at Fabarc, the owners of Fabarc and human resources about the co-employees sexually harassing him and physically abusing him during his employment at Fabarc, Defendant Lakey and Defendant Fabarc did not discipline or terminate Defendants McFadden, Bishop and Harrison for their sexual harassment and battery of Barker during their employment at Fabarc.
>
> 24. At all times material hereto, Defendants Lakey, McFadden, Bishop, and Harrison were employees of the Defendant City of Foley.
>
> 25. Defendant Fabarc, at all times relevant to this Complaint, approved, ratified and consented to Defendants sexual harassment and physical abuse and battering Barker's groin and testicles.

(Doc. 2). Reading these facts in a light most favorable to Barker, Fabarc knew about the assaults and harassment as they were happening, yet did nothing. If Barker can prove these facts, he could prove his claim.

    2. *State-law bar*: That said, Fabarc again notes that, if Barker can prove that all these actions occurred while Barker was on the job, his claim "is barred by the worker's compensation exclusivity provision found at § 25-5-53 (Ala. Code 1975)." And again, Barker fails to respond.

    Fabarc is correct, if Barker does prove that his co-workers assaulted him on the job; Fabarc knew about it; and Fabarc failed to stop future on-the-job occurrences, then Barker will have suffered his injury "due to an accident or to an occupational disease while engaged in the service or business of the employer[.]" Ala. Code § 25-5-53. So Barker's claim against his employer is precluded by the exclusivity provisions of the Workers' Compensation Act.

## CONCLUSION

For these reasons, the court will **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Dismiss, (doc. 8). The court rules as follows on each claim:

- **Count I**: The court dismisses the claim against Fabarc but Barker may proceed against McFadden, Bishop, and Harrison;
- **Count II**: The court dismisses the claim against all defendants;
- **Count III**: Barker may proceed against Fabarc;
- **Count IV**: The court dismisses the claim against all defendants;
- **Count V**: The court dismisses the claim against all defendants;
- **Count VI**: The court dismisses the claim against all defendants.

The court will enter a separate order that carries out this ruling and **DISMISSES WITH PREJUDICE** Barker's Title VII claims against McFadden, Bishop, Harrison, and Lakey; Barker's Title VII claim for sexual harassment against Fabarc; Barker's Title VII race discrimination claim against Fabarc; Barker's § 1981 race discrimination claim against Fabarc, McFadden, Bishop, Harrison, and Lakey; Barker's state-law claim for assault and battery against Lakey and Fabarc; and Barker's state-law claim for failure to train and supervise against Fabarc. The court will also dismiss Robert Lakey as a defendant because the court has dismissed all claims against him.

As for the claims that persist (Counts I and III), the parties **MUST CONFER** under Rule 26(f) of the Federal Rules of Civil Procedure and Appendix III of the court's Initial Order Governing All Further Proceedings, (doc. 17), except that the required proposed scheduling order must be filed by **January 26, 2024.**

**DONE** and **ORDERED** on January 3, 2024

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE