# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

**JEREMIAH BARKER,**
    Plaintiff,

v.

**FABARC STEEL SUPPLY INC.,**
*et al.*,
    Defendants.

**Case No. 1:23-cv-625-CLM**

## MEMORANDUM OPINION

    Fabarc Steel Supply Company asks the court to grant it summary judgment. (Doc. 33). Barker failed to timely respond to Fabarc's motion or produce any evidence. So the court ordered Barker to show cause why the court should not dismiss his case for failure to prosecute. (Doc. 39). Barker again failed to respond. As explained below, the court **DISMISSES WITH PREJUDICE** for two independent reasons: (1) failure to prosecute and (2) failure to show a genuine dispute of material fact.

## BACKGROUND

    Fabarc employed Barker to make and repair steel parts. Barker allegedly suffered sexual harassment and abuse during his employment. Barker reported the harassment to Fabarc and requested assistance filing a complaint with the Equal Employment Opportunity Commission (EEOC). Barker alleges that his supervisors responded by threatening, intimidating, and terminating him. Barker then filed a Charge of Discrimination with the EEOC and later a complaint in this court.

## DISCUSSION

As explained below, the court's opinion dismissing this case rests on two independent civil produce rules: Rule 41(b) and Rule 56.

### I.     Failure to Prosecute (Rule 41(b))

The court dismisses Barker's complaint because he failed to diligently prosecute his case. Fed. R. Civ. Pro. 41(b). Courts may dismiss cases sua sponte when the plaintiff fails to prosecute his case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). And the Eleventh Circuit has held that "[d]ismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Kelly v. Old Dominion Freight Line, Inc.,* 376 F. App'x 909, 913–14 (11th Cir. 2010) (citations omitted).

Barker failed to properly respond to written discovery requests, requiring the court to (a) hold a conference with the parties' attorneys, then (b) threaten to dismiss Barker's case with prejudice because he failed to meet the deadline the court imposed during that conference. (Doc. 29). Barker finally complied, and the court amended its scheduling order to account for the delay in September 2024. (Doc. 31).

Barker hasn't appeared since. Fabarc filed its motion for summary judgment on November 18, 2024. (Doc. 33). Barker failed to respond. So the entered a Show Cause Order on February 5, 2025, requiring Barker to explain why the court "should not dismiss this case for failure to prosecute." (Doc. 39) The court gave Barker until February 11 to respond. He didn't.

Because Barker has repeatedly failed to respond to filings and court orders, the court dismisses his complaint with prejudice.

### II.    Summary Judgment (Rule 56)

The court reviewed Fabarc's motion for summary judgment independently from Barker's failure to prosecute. Summary judgment is appropriate when there is no genuine dispute of material fact, and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Fabarc produced enough evidence to allow a jury to find in its favor on multiple issues, including Barker's failure to engage in a protected activity, failure to link Barker's participation in a protected activity to Defendants' adverse decisions, and failure to show the Defendants' non-retaliatory reasons for acting were pretext. *See* (Doc. 34). Because Barker failed to produce any evidence that would allow a reasonable juror to find in his favor on these issues, there is no genuine fact issue for a jury to decide. Because the court finds there is no genuine dispute of material fact, it must grant summary judgment for Fabarc. *See* Fed. R. Civ. P. 56.

—

For these independent reasons, the court **DISMISSES WITH PREJUDICE** Barker's complaint. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** on February 12, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE